1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
4  Facsimile:   (310) 201-5219

5  SEYFARTH SHAW LLP
   Angelina T. Evans (SBN 244634)
6  aevans@seyfarth.com
   601 South Figueroa Street, Suite 3300
7  Los Angeles, California 90017
   Telephone:   (213) 270-9718
8  Facsimile:   (310) 551-8318

9  Attorneys for Defendant
   CHARLES SCHWAB BANK, SSB
10 (erroneously sued as CHARLES SCHWAB &
   CO., INC.)

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15

16 JAY SHEK, an individual,                  Case No. _____

17              Plaintiff,                    **DEFENDANT CHARLES
                                             SCHWAB BANK, SSB'S
18 CHARLES SCHWAB & CO., INC., a             (ERRONEOUSLY SUED AS
   corporation; and DOES 1 through 50,       CHARLES SCHWAB & CO.,
                                             INC.) NOTICE OF REMOVAL
19                                           OF CIVIL ACTION TO UNITED
                                             STATES DISTRICT COURT**
20              Defendants..
                                             [Los Angeles County Superior Court,
21                                           Case No. 22GDCV00760]

22                                           [*Concurrently filed with Declaration
                                             of Diana Tabacopoulos; Declaration
23                                           of Guranath Biswanath; Declaration
                                             of Kristopher R. Tate; Corporate
24                                           Disclosure Statement; Notice of
                                             Interested Parties; Civil Case Cover
25                                           Sheet*]

26

27                                           Complaint Filed:   October 26, 2022
                                             Trial Date:        None Set
28
                                        i
   DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
                              ACTION

89677903v.4

1
2

# **TABLE OF CONTENTS**

Page

I.      BACKGROUND .............................................................................. 1

II.     TIMELINESS OF REMOVAL ........................................................ 2

III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ................... 3

        A.    Plaintiff Is A Citizen Of California ....................................... 3

        B.    The Named Defendant, Charles Schwab & Co. Inc., Is Not the Proper Defendant In This Action ....................................... 4

        C.    The Proper Defendant Employer, Charles Schwab Bank, SSB Is Not A Citizen of California ........................................ 5

        D.    Doe Defendants May Be Disregarded ................................. 7

IV.     AMOUNT IN CONTROVERSY ...................................................... 7

        A.    Plaintiff's Claims Exceed $75,000 ..................................... 8

        B.    Economic Damages ........................................................... 9

        C.    Emotional Distress Damages ............................................ 10

        D.    Attorney's Fees and Costs ................................................ 11

        E.    Punitive Damages ............................................................. 12

V.      VENUE ........................................................................................ 14

VI.     SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT ........................................... 14

VII.    PRAYER FOR REMOVAL ........................................................... 14

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL ACTION

89677903v.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ....................................................................... 3

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) .................................................................. 8, 12

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ................................................................. 5, 6

*Emrich v. Touche Ross & Co.*,
  846 F.2d 1190 (9th Cir. 1988) ..................................................................... 7

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) ..................................................................... 7

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) .............................................................. 8, 11

*Garfias v. Team Industrial Services*,
  2017 WL 4512444 (C.D. Cal. Oct. 10, 2017) ........................................... 11

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ....................................................................... 8

*Harris v. Bankers Life & Cas. Co.*,
  425 F.3d 689 (9th Cir. 2005) ....................................................................... 2

*Ibarra v. Manheim Investments, Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ..................................................................... 7

*Jackson v. Compass Group USA, Inc.*,
  2019 WL 3493991 (C.D. Cal. July 31, 2019) ........................................... 11

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ....................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ..................................................................... 3

*Kenny v. Wal-Mart Stores, Inc.*,
  881 F.3d 786 (9th Cir., Feb. 1, 2018) ......................................................... 2

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ..................................................................................... 2

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  720 F.3d 1121 (9th Cir. 2013) ................................................................. 2, 3

iii

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996)..................................................................8, 9

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ......................................................................4

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
    538 U.S. 408 (2003) ................................................................................12

*The Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010) ..............................................................................6

*Urbino v. Orkin Servs. of Cal., Inc.*,
    726 F.3d 1118 (9th Cir. 2013)....................................................................7

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ....................................................................8

*Wachovia Bank v. Schmidt*,
    546 U.S. 303 (2006) ..................................................................................6

**State Cases**

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
    132 Cal. App. 4th 359 (2005) ..................................................................12

*Kelley v. Merle Norman Cosmetics, Inc.*,
    2015 WL 9584679 (Cal. Ct. App. Dec. 30, 2015) ...................................10

*Lane v. Hughes Aircraft Co.*,
    22 Cal. 4th 405 (2000)..............................................................................12

**Federal Statutes**

28 U.S.C. 1332(c)(1) ......................................................................................6

28 U.S.C. § 1332...........................................................................................1, 7

28 U.S.C. § 1332(a) ................................................................................3, 8, 13

28 U.S.C. § 1332(a)(1) ..............................................................................3, 13

28 U.S.C. § 1332(c)(1) ....................................................................................5

28 U.S.C. § 1441(a) ........................................................................1, 3, 7, 14

28 U.S.C. § 1441(b) ........................................................................................1

28 U.S.C. § 1446..............................................................................................2

28 U.S.C. § 1446(a) ......................................................................................14

28 U.S.C. § 1446(b) ........................................................................................3

iv

28 U.S.C. § 1446(d) ........................................................................................... 14

Fair Employment and Housing Act ...................................................................... 4

Fair Employment and Housing Act .................................................................... 11

FEHA ............................................................................................................. 1, 10

**State Statutes**

Cal. Civ. Proc. Code § 415.10 ............................................................................. 3

California Government Code § 12965(b) ........................................................... 11

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    2013 WL 8115991 (Los Angeles Sup. Ct.) ..................................................... 10

*Crawford v. DIRECTV, Inc.*,
    2010 WL 5383296 (Los Angeles Sup. Ct.) ..................................................... 12

*Hawkins v. City of Los Angeles*,
    2016 WL 8649664 (Los Angeles County Sup. Ct. Jun. 17, 2016) .................... 10

*Leggins v. Thrifty Payless, Inc.*,
    BC511139, 2015 WL 4748037 ......................................................................... 13

*Liemandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.) ................................................. 11

*Scricca v. The Regents of the University of California*,
    2019 WL 12021657 (Orange County Sup. Ct.) ............................................... 12

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) ..................................................... 10

v

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAY SHEK AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Charles Schwab Bank, SSB (erroneously sued as Charles Schwab & Co., Inc.) ("Defendant" or "CSB"), a Texas-chartered state bank with its headquarters and principal place of business in the State of Texas, hereby files this notice of removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to remove the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, and states that the removal is proper for the following reasons:

## I.   BACKGROUND

1.   On October 26, 2022, Plaintiff Jay Shek ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*Jay Shek, an individual v. Charles Schwab & Co., Inc, a corporation, and DOES 1-50, inclusive*," Case No. 22GDCV00760 ("Complaint").  A true and correct copy of the Complaint is attached to this Notice of Motion as **Exhibit A**.

2.   In the Complaint, Plaintiff asserts eleven causes of action against Defendant for: (1) "Discrimination on the basis of race in violation of FEHA," (2) "Discrimination on the basis of age in violation of FEHA," (3) "Discrimination on the basis of national origin in violation of FEHA," (4) "Harassment on the basis of race in violation of FEHA," (5) "Harassment on the basis of age in violation of FEHA," (6) "Harassment on the basis of national origin in violation of FEHA," (7) "Retaliation in violation of FEHA," (8) "Failure to prevent discrimination, harassment, and retaliation in violation of FEHA," (9) "Unfair business practices," (10) "Wrongful termination in violation of FEHA," and (11) "Wrongful termination in violation of public policy."

---

89677903v.4

1    3.    On December 13, 2022, Defendant timely filed its Answer to
2    Plaintiff's Complaint in Los Angeles Superior Court.  A true and correct copy of
3    Defendant's Answer to Plaintiff's Complaint is attached to this Notice of Motion as
4    **Exhibit B**.

5    4.    Defendant has not filed or received any other pleadings or papers,
6    other than the pleadings described as **Exhibit A** and **Exhibit B**, in this action prior
7    to this Notice of Removal.  (Declaration of Diana Tabacopoulos ("Tabacopoulos
8    Decl."), ¶ 2.)

9    **II.    TIMELINESS OF REMOVAL**

10    5.    On November 18, 2022, Defendant received, via process server, the
11    Summons, the Complaint, the Civil Case Cover Sheet and Addendum, and the
12    Alternate Dispute Resolution Information Package.  (Declaration of Kristopher R.
13    Tate ("Tate Decl."), ¶ 12; *see also* Ex. A.)

14    6.    The time for filing a Notice of Removal does not begin to run until a
15    party has been formally served with the summons and complaint under the
16    applicable state law "setting forth the claim for relief upon which such action or
17    proceeding is based" or, if the case stated by the initial pleading is not removable,
18    after receipt of any "other paper from which it may be first ascertained that the case
19    is one which is or has become removable."  28 U.S.C. § 1446; *Murphy Bros., Inc. v.*
20    *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named
21    defendant's time to remove is triggered by simultaneous service of the summons
22    and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb.
23    1, 2018) ("We have also emphasized that 'a defendant does not have a duty of
24    inquiry if the initial pleading or other document is 'indeterminate' with respect to
25    removability.'); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th
26    Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th
27    Cir. 2005)).  Accordingly, 'even if a defendant could have discovered grounds for

28

2

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

89677903v.4

1  removability through investigation, it does not lose the right to remove because it

2  did not conduct such an investigation and then file a notice of removal within thirty

3  days of receiving the indeterminate document.'" *Id.*

4      7.    The service of process which triggers the 30-day period to remove is

5  governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d

6  206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a

7  removal motion within thirty days of service, the term 'service of process' is

8  defined by state law.").

9      8.    This Notice of Removal is timely, as it is being filed within thirty (30)

10  days of service of the Summons and Complaint on November 18, 2022, and within

11  one year of the commencement of this action.  28 U.S.C. § 1446(b); Cal. Civ. Proc.

12  Code § 415.10 ("A summons may be served by personal delivery of a copy of the

13  summons and of the complaint to the person to be served.  Service of a summons in

14  this manner is deemed complete at the time of such delivery").

15  **III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

16      9.    The Court has original jurisdiction of this action under 28 U.S.C.

17  section 1332(a)(1).  As set forth below, this action is removable pursuant to the

18  provisions of 28 U.S.C. section 1332(a) as the amount in controversy for Plaintiff's

19  claims exceed $75,000, exclusive of interest and costs, and is between citizens of

20  different states.  Accordingly, this action is removable under 28 U.S.C. section

21  1441(a).

22      **A.    Plaintiff Is A Citizen Of California**

23      10.    Diversity exists between "citizens of different States."  28 U.S.C.

24  section 1332(a)(1).  For diversity purposes, a person is a "citizen" of the state in

25  which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

26  1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the

27  intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

28

3

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

(9th Cir. 2001).  Plaintiff's allegations in the Complaint that Plaintiff is a resident of the State of California are *prima facie* evidence of domicile, and therefore Plaintiff is a citizen of the State of California.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

11.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "Plaintiff is, and at all times relevant was, an individual residing in the County of Los Angeles, State of California."  (*See* Ex. A, Compl., ¶ 1.)

12.     Plaintiff's domicile in California is confirmed by a public records search through December 13, 2022.  Those searches show that at all times relevant to this action Plaintiff has had an address in Los Angeles county in zip code 91206.  The LexisNexis records do not show addresses for Plaintiff other than in the State of California during Plaintiff's employment with Defendant or thereafter.  (*See* Tabacopoulos Decl., ¶ 3, Ex. C.)  In addition, Defendant's personnel records reflect that Plaintiff maintained an address in California at all times during Plaintiff's employment with Defendant.  (Declaration of Gurunath Biswanath ("Biswanath Decl."), ¶ 10.)

13.     Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.     The Named Defendant, Charles Schwab & Co. Inc., Is Not the Proper Defendant In This Action**

14.     Plaintiff named Charles Schwab & Co, Inc. as the Defendant in the state court action.  Plaintiff alleges that Charles Schwab & Co., Inc. "directly and indirectly employed Plaintiff, as defined by the Fair Employment and Housing Act ("FEHA")" (Ex. A, Compl., ¶ 5.)  This statement is incorrect.

15.     From June 3, 2021 through the termination of Plaintiff's employment in August 2021, Plaintiff was a shared employee of Charles Schwab Bank, SSB

4

("CSB"), Charles Schwab Premier Bank, SSB ("CSPB") and Charles Schwab Trust Bank ("CTB").[1]  (Biswanath Decl., ¶ 7 & Ex. A.)  Plaintiff remained a shared employee of CSB, CSPB and CTB, only, from June 3, 2021 through Plaintiff's termination on August 31, 2021.

16.     Although Plaintiff was a shared employee of the three banks, beginning on June 3, 2021, 100% of the costs associated with Plaintiff's employment were borne by CSB.  In addition, all of Plaintiff's pay checks, beginning with the May 24, 2021 through June 6, 2021 pay period, were issued by CSB. (*Id.*, ¶ 8.)

17.     The entirety of Plaintiff's Complaint is based upon allegations relating to Plaintiff's termination and issues Plaintiff alleged began "about a month after" Plaintiff was hired.  (Ex. A., Compl. ¶15a.)  Each one of Plaintiff's eleven causes of action are employment-based claims.  Therefore, it is clear that the proper entity for purposes of this action is CSB, Plaintiff's employer.

**C.     The Proper Defendant Employer, Charles Schwab Bank, SSB Is Not A Citizen of California**

18.     Defendant CSB, a Texas-chartered state savings bank (Tate Decl., ¶ 7.), is now and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026,

---

[1] Due to an error in his onboarding, Plaintiff was hired on May 3, 2021 as a shared employee of Charles Schwab & Co., Inc., CSB, CSPB and CTB.  However, that was corrected by June 3, 2021 and Plaintiff was no longer an employee of Charles Schwab & Co., Inc. as of that date.  During the one-month period when Plaintiff was erroneously labeled as a joint employee of Charles Schwab & Co., Inc., CSB, CSPB, and CTB, the overwhelming majority of the costs associated with his employment (84%) were borne by CSB.  (Biswanath Decl. ¶ 6.)

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL ACTION

1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).  Additionally, "[s]tate banks, usually chartered as corporate bodies by a particular state, ordinarily fit comfortably within" this framework for determining the citizenship of a corporation for purposes of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

19.     The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center." *The Hertz Corp.*, 130 S. Ct. at 1192.

20.     As shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Texas.  (*Id*., at ¶ 7.)

21.     Pursuant to *Davis*, 557 F.3d at 1029 and *The Hertz Corp.*, 130 S. Ct. at 1192, Defendant's principal place of business is in Texas because its "nerve center" is located in that state.  Defendant's corporate headquarters is located in Westlake, Texas, where Defendant's high level officers direct, control, and coordinate its activities.  (Tate Decl., ¶ 7.)  Defendant's high level high level bank officers and executives, including its President and Chief Executive Officer, General Auditor, Chief Compliance Officer, and Managing Director of Credit Administration all maintain offices in Westlake, Texas, from which they manage the bank's executive and administrative operations, including operations relating to the administration of company-wide policies and procedures, legal affairs, human resources, information systems, and general business operations.  (*Id.*)

6

22.     Neither CSPB nor CTB are citizens of California, either.  CSPB, is also a Texas-chartered state savings bank, and CTB is a Nevada-chartered state savings bank.  Both CSPB and CTB's principal place of business and headquarters are in Westlake, Texas.  (*Id.* ¶¶ 8-11.)

23.     Therefore, for purposes of diversity of citizenship, Defendant CSB is, and has been at all times since this action commenced, a citizen of the State of Texas and diversity exists between Plaintiff and Defendant.

### D.     Doe Defendants May Be Disregarded

24.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (doe defendants need not join in removal); *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, Doe Defendants 1 through 50 do not deprive this Court of jurisdiction.

## IV.   AMOUNT IN CONTROVERSY

25.     Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1121-22 (9th Cir. 2013) (internal quotation marks and citations omitted).  A removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements.  *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015).

26.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount of Plaintiff's claims exceed the jurisdictional minimum of $75,000.

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL ACTION

*See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

27.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

28.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

29.    Here, the general and special damages sought by Plaintiff, along with the statutory penalties, attorneys' fees, and punitive damages that might be awarded to Plaintiff if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy on Plaintiff's claims exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.    Plaintiff's Claims Exceed $75,000

30.    The amount in controversy requirement is satisfied because "it is more likely than not" that each of the Plaintiff's claims exceed the jurisdictional

8

89677903v.4

1  minimum based on the allegations in Plaintiff's Complaint.  *See Sanchez*, 102 F.3d
2  at 404.

3          31.     As stated above in paragraph 2, Plaintiff's Complaint alleges eleven
4  causes of action against Defendant based on various theories of discrimination and
5  harassment as well as retaliation, failure to prevent discrimination, harassment and
6  retaliation, unfair business practices and wrongful termination.  Plaintiff prays for
7  compensatory, economic, non-economic, punitive and exemplary damages, civil
8  penalties, attorneys' fees, the costs of suit, and pre-judgment and post-judgment
9  interest.  (*See* Ex. A, Compl., Prayer for Relief, ¶¶ 1-10.)  Thus, it is more likely
10  than not that the amount-in-controversy for Plaintiff's claims exceed $75,000.

11         **B.     Economic Damages**
12         32.     Plaintiff was employed as a Senior Manager, Bank Accounting -
13  Derivatives by Defendant from May 3, 2021 to August 31, 2021.  (Ex. A, Compl.,
14  ¶¶ 11, 15; Biswanath Decl., ¶ 9.)

15         33.     As a result of Plaintiff's alleged wrongful termination, Plaintiff alleges
16  that Plaintiff "has suffered and will suffer harm, including lost past and future
17  income and employment benefits, damage to Plaintiff's career, lost wages, unpaid
18  overtime, unpaid expenses, and penalties as well as interest on unpaid wages . . ."
19  (Ex. A, Compl., ¶ 16, Prayer for Relief, ¶ 2.)

20         34.     At the time of Plaintiff's termination, Plaintiff earned an annualized
21  salary of $135,000.  (Biswanath Decl., ¶ 9.)  Given that Plaintiff alleges that
22  Plaintiff was wrongfully terminated on August 31, 2021, Plaintiff has already
23  allegedly incurred over a year of lost compensation to date.  (Ex. A, Compl., ¶ 11.)
24  Specifically, Plaintiff  has already allegedly incurred at least $168,750 of lost
25  compensation (weekly salary rate of $2,596.15 X 65 weeks (August 31, 2021 to
26  November 30, 2022)).

27

28

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

89677903v.4

35.     Additionally, should Plaintiff prevail at trial, it is more likely than not that Plaintiff would recover over $75,000 in damages as there have been, in recent years, several verdicts in discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *Hawkins v. City of Los Angeles*, 2016 WL 8649664, VX541066, (Los Angeles County Sup. Ct. Jun. 17, 2016) (plaintiff "was awarded $88,531 in economic damages and $150,000 in non-economic damages"); *Kelley v. Merle Norman Cosmetics, Inc.*, 2015 WL 9584679, at *4 (Cal. Ct. App. Dec. 30, 2015) ("the jury found Merle Norman liable for retaliation, for failing to prevent retaliation, and for retaliating against plaintiff in violation of Labor Code § 1102.5 … [The] jury awarded plaintiff a total of $1,055,236 -- $293,410 in past economic losses, $401,826 in future economic losses, and $360,000.00 for past economic losses").

36.     Plaintiff's retaliation allegations and allegations that Plaintiff was discriminated against and discharged because of Plaintiff's national race, origin, ancestry, and age are  similar to the issues in these cases.  Defendant has attached these cases and verdicts as **Exhibit D** to the concurrently filed Declaration of Diana Tabacopoulos for the Court's review.

## C.    Emotional Distress Damages

37.     Plaintiff also claims damages for "psychological and emotional distress, humiliation, and mental and physical pain and anguish. . . ."  (*See* Ex. A, Compl., ¶ 17, Prayer for Relief, ¶ 3.)  A review of jury verdicts in California demonstrates that emotional distress awards in similar discrimination and retaliation cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in FEHA age discrimination case); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination

10

89677903v.4

1    action); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.)

2    (jury awarded $385,000 in pain and suffering to employee in a discrimination case).

3        38.    Plaintiff's allegations of emotional distress are similar to the issues

4    raised in these cases.  Defendant has attached these verdicts as **Exhibit E** to the

5    concurrently filed Declaration of Diana Tabacopoulos for the Court's review.

6        39.    Courts in this District have concluded that it is appropriate to estimate,

7    conservatively, "a 1:1 ratio between emotional distress damages and economic

8    damages" for purposes of determining the amount in controversy for removal

9    jurisdiction.  *Jackson v. Compass Group USA, Inc.*, 2019 WL 3493991, * 6 (C.D.

10   Cal. July 31, 2019).  *See also Garfias v. Team Industrial Services*, 2017 WL

11   4512444, * 5 (C.D. Cal. Oct. 10, 2017) (denying motion to remand, noting: "it is

12   reasonable to apply a 1:1 ratio to emotional distress and economic damages for

13   purposes of the present jurisdictional analysis.").

14       40.    Thus, the amount in controversy for Plaintiff's claims for emotional

15   distress arguably begins at **$168,750** (using a 1:1 ratio of Plaintiff's economic

16   damages through an estimated trial date).

17       **D.    Attorney's Fees and Costs**

18       41.    Plaintiff claims Plaintiff is entitled to attorneys' fees and costs.  (*See*

19   Ex. A, Compl., ¶ 19, Prayer for Relief, ¶¶ 7-8.)  Attorneys' fees are properly

20   considered in calculating the amount in controversy for purposes of removal on

21   grounds of diversity jurisdiction.  *Galt G/S*, 142 F.3d at 1156 (claims for statutory

22   attorneys' fees to be included in amount in controversy, regardless of whether such

23   an award is discretionary or mandatory).  Under California Government Code §

24   12965(b), the court in its discretion may award fees and costs to the "prevailing

25   party" in Fair Employment and Housing Act actions.  Although the statute provides

26   that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to

27

28

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

89677903v.4

1    fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of*

2    *Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

3          42.     Here, if Plaintiff is successful, Plaintiff would be entitled to an award

4    of attorneys' fees that itself would "more likely than not" exceed $75,000. Verdicts

5    show that attorneys' fees in employment cases typically exceed $75,000. *See*

6    *Scricca v. The Regents of the University of California*, 2019 WL 12021657 (Orange

7    County Sup. Ct.) (awarding plaintiff attorneys' fees in the amount of $353,609 in a

8    disability and age discrimination action); *see, e.g.*, *Crawford v. DIRECTV, Inc.*,

9    2010 WL 5383296 (Los Angeles Sup. Ct.) (approving attorneys' fee award of

10    $159,762.50 in alleged discrimination action).

11          43.     Plaintiff claims that Plaintiff is entitled to attorney's fees are similar to

12    the issues raised in these cases. Defendant has attached these cases and verdicts as

13    **Exhibit F** to the concurrently filed Declaration of Diana Tabacopoulos for the

14    Court's review.

15        **E.**     **Punitive Damages**

16          44.     Finally, the Court must also consider Plaintiff's request for punitive

17    damages in determining the amount in controversy. *Davenport v. Mutual Benefit*

18    *Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages

19    must be taken into account where recoverable under state law). (*See* Ex. A, Compl.

20    ¶18, Prayer for Relief, ¶ 4.)

21          45.     The economic resources of the defendant and the amount of

22    compensatory damages are two of three factors courts consider in arriving at

23    punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405,

24    417 (2000) (finding "three factors relevant to the assessment of punitive damages:

25    (1) the degree of reprehensibility of the act; (2) the amount of compensatory

26    damages awarded; and (3) the wealth of the particular defendant."). In *State Farm*

27    *Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the

28

12

---

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

89677903v.4

1    Court held that: "The wealth of a defendant cannot justify an otherwise

2    unconstitutional punitive damages award . . . That does not make its use [in

3    determining the constitutionality of punitive damage awards] unlawful or

4    inappropriate; it simply means that this factor cannot make up for the failure of

5    other factors. . . ." (internal citations omitted).  Therefore, the request for punitive

6    damages weighs in favor of establishing the amount in controversy.

7         46.    Additionally, courts have affirmed jury verdicts exceeding $75,000 in

8    punitive damages in alleged discrimination cases.  *See e.g.*, *Leggins v. Thrifty*

9    *Payless, Inc.*, BC511139, 2015 WL 4748037 (Los Angeles County Sup. Ct. Jul. 17,

10   2015  (Over $75,000 punitive damages verdict for plaintiff in race discrimination

11   case).

12        47.    Defendant has attached the case listed above as **Exhibit G** to the

13   concurrently filed Declaration of Diana Tabacopoulos for the Court's review.

14        48.    Accordingly, Plaintiff's request for punitive damages shows that it is

15   more likely than not that the amount placed in controversy by Plaintiff's Complaint

16   exceeds $75,000.

17        49.    In sum, Plaintiff's aggregated recovery on Plaintiff's claims, including

18   compensatory damages such as lost wages and emotional distress damages,

19   attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold.

20   While Defendant denies any liability as to Plaintiff's claims, it is "more likely than

21   not" that the amount in controversy in this action exceeds $75,000, exclusive of

22   interest and costs, as required by 28 U.S.C. section 1332(a).

23        50.    Because diversity of citizenship exists between Plaintiff and

24   Defendant, and the matter in controversy between Plaintiff and the Defendant is in

25   excess of $75,000.00, this Court has original jurisdiction of the action pursuant to

26   28 U.S.C. section 1332(a)(1).  This action is therefore proper for removal to this

27   Court.

28

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

89677903v.4

## V.   VENUE

51.   This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

52.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

53.   This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

54.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibit A** and **Exhibit B** to this Notice of Removal.

## VII.   PRAYER FOR REMOVAL

55.   WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

14

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL ACTION

89677903v.4

DATED: December 16, 2022                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: */s/ Angelina T. Evans*
                                               Diana Tabacopoulos
                                               Angelina T. Evans
                                               Attorneys for Defendant
                                               Charles Schwab Bank, SSB

15

DEFENDANT CHARLES SCHWAB BANK, SSB'S NOTICE OF REMOVAL OF CIVIL
ACTION

# EXHIBIT "A"

22GDCV00760

Assigned for all purposes to: Glendale Courthouse, Judicial Officer: David Rosen

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2022 11:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Hernandez,Deputy Clerk

Johnny Rundell, SBN 289480
Elias K. Fakhoury, SBN 334666
**HERSHEY LAW, P.C.**
16255 Ventura Blvd., Suite 1205
Encino, CA 91436
Tel: (310) 929-2190
Fax: (310) 929-6060
Email: jrundell@hersheylaw.com
          efakhoury@hersheylaw.com

Attorneys for Plaintiff *JAY SHEK*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JAY SHEK, an individual. | Case No.:   22GDCV00760 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES:** |
| CHARLES SCHWAB & CO., INC., a corporation; and DOES 1 through 50, inclusive. | (1) **Discrimination on the Basis of Race in Violation of FEHA** |
| Defendants. | (2) **Discrimination on the Basis of Age in Violation of FEHA** |
| | (3) **Discrimination on the Basis of National Origin in Violation of FEHA** |
| | (4) **Harassment on the Basis of Race in Violation of FEHA** |
| | (5) **Harassment on the Basis of Age in Violation of FEHA** |
| | (6) **Harassment on the Basis of National Origin in Violation of FEHA** |
| | (7) **Retaliation in Violation of FEHA** |
| | (8) **Failure to Prevent Discrimination, Harassment, & Retaliation in Violation of FEHA** |
| | (9) **Unfair Business Practices** |
| | (10)   **Wrongful Termination in Violation of FEHA** |
| | (11)   **Wrongful Termination in Violation of Public Policy** |
| | **DEMAND FOR JURY TRIAL** |

**HERSHEY LAW**

**COMPLAINT FOR DAMAGES**

1

COMES NOW Plaintiff JAY SHEK, an individual, who, for causes of action against Defendants CHARLES SCHWAB & CO, INC., a corporation, and DOES 1 through 50, inclusive, on the basis of personal knowledge and/or information and belief, complains and alleges as follows:

**PARTIES**

1.      *Plaintiff JAY SHEK*: Plaintiff JAY SHEK shall hereafter be referred to as "Plaintiff". Plaintiff is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

2.      *Defendant CHARLES SCHWAB & CO, INC.*: Defendant CHARLES SCHWAB & CO, INC. shall hereafter be referred to as "CHARLES SCHWAB." CHARLES SCHWAB is, and at all relevant times was, authorized and qualified to do business in the County of San Francisco, State of California. Defendant's principal place of business, where the acts upon which this action is based took place, is and was located in the County of Los Angeles, State of California at 611 North Howard Street, Glendale, California 91206.

3.      *Defendant DOES 1 through 50, inclusive:* Defendant DOES 1 through 50, inclusive, are sued under fictitious names pursuant to *Code of Civil Procedure* § 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names are in some manner responsible for the wrongs and damages alleged below, in so acting were functioning as the agents, servants, partners, and employees of the co-defendants, and in taking the actions mentioned below were acting within the course and scope of their authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

4.      *Defendants CHARLES SCHWAB and DOES 1 through 50, inclusive*: Defendants CHARLES SCHWAB and DOES 1 through 50, inclusive, shall hereafter be collectively referred to as "Defendants."

5.      Defendants both directly and indirectly employed Plaintiff, as defined in the Fair

**COMPLAINT FOR DAMAGES**

2

Employment and Housing Act ("FEHA") at *Government Code* § 12926(d).

6.    All Defendants compelled, coerced, aided, and/or abetted the retaliation, discrimination, and/or harassment alleged in this Complaint.

7.    All Defendants were responsible for the events and damages alleged herein, including on the following bases: Defendants, committed the acts alleged; At all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants, and in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; At all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants, does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of the Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all the Defendants, were taken on behalf of all the Defendants, and were engaged in, authorized, ratified, and approved of by all of the other Defendants.

8.    All Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## JURISDICTION AND VENUE

9.    Jurisdiction and venue are proper in this Court because:

a.    At all relevant times, Plaintiff is and was a resident of the County of Los Angeles, State of California;

---

**COMPLAINT FOR DAMAGES**

3

**HERSHEY LAW**

b.   At all relevant times, Defendant CHARLES SCHWAB is and was a limited liability company existing under the Constitution and laws of the State of California with its principal place of business in the County of San Francisco, State of California;

c.   And, at all relevant times, the acts upon which this action is based took place in and/or near the County of Los Angeles, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.   Plaintiff has exhausted his administrative remedies by timely filing an administrative complaint with the Department of Fair Employment & Housing and receiving a "Right to Sue" letter within one year of the filing of this lawsuit. In this lawsuit, Plaintiff sues only under state law though such law sometimes adopts federal law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.   *Plaintiff's employment:* Plaintiff began employment with Defendants on or around May 2, 2021, as a "Senior Manager, Bank Accounting – Derivatives". His job duties and responsibilities included, without limitation, managing Defendants' derivatives project and communicating with large project groups.

12.   *Plaintiff's job performance:* Plaintiff was a hard worker who excelled in his position, receiving, without limitation, several compliments on the exceptional quality of his work, and a tacit agreement from his supervisor to give him a $20-30k raise prior to the adverse actions taken against him by Defendants.

13.   *Plaintiff's protected status:*

a.   Plaintiff is fifty-two (52) years old.

b.   Plaintiff is an Indian man.

c.   Plaintiff is from East Asia.

14.   *Plaintiff's protected activity:*

**COMPLAINT FOR DAMAGES**

4

a.  Plaintiff complained to Defendants that he was continually told he was not a "culture fit" and denied any explanation as to what that meant.

15.  *Defendants' adverse employment actions and behavior:*

a.  During Plaintiff's employment, he would regularly have one-on-one meetings with his supervisor during which Plaintiff would receive feedback on his performance.

b.  About a month after Plaintiff was hired, Plaintiff requested feedback during one of his one-on-one meetings and was informed by his supervisor that his work was of "exceptional quality" and that he had "far exceeded the already high expectations" Defendants had when Plaintiff was hired. However, during this same meeting, Plaintiff's supervisor took it upon herself to tell Plaintiff that he was likely not a "culture fit" and that he should be aware of this. Plaintiff was confused by this but believed it was in reference to his age, national origin, and/or race, considering he was one of the only "non-white" members of his project team, including his supervisor.

c.  Around two weeks later, Plaintiff was in another one-on-one meeting with his supervisor during which she told Plaintiff that he was "polite and effective" in communicating to larger groups and that she would rate his work at a "5/5" but again raised the issue of Plaintiff not being a "culture fit." When Plaintiff asked her to explain what she meant by "culture fit" and what changes in behavior she would recommend, his supervisor stated that Plaintiff just "needed to continue the good work" and to give his project team "the benefit of [Plaintiff's] knowledge and experience. Additionally, she told him that "culture fit" was hard to explain, but obvious."

d.  Over the next two months, the mixed reviews of Plaintiff's work continued, leading him to speak to his supervisor about it. Plaintiff informed her of the issues he was having with the confusing evaluations and asked that his supervisor to recommend an increase in his compensation and promotion to Director since he was consistently rated a "5/5." Plaintiff's supervisor agreed that

**COMPLAINT FOR DAMAGES**

he was valuable to Defendants' project and that she would pursue this but again mentioned that "culture fit" was an issue without any further explanation.

e.   The following week, Plaintiff's supervisor told him that she had a tacit agreement from Defendants on an increase in compensation of about $20,000-$30,000 and told Plaintiff that Defendants recognized his value to the project and the "exceptional quality" of his work.

f.   Shortly thereafter, Plaintiff raised concerns to his supervisor about a potential conflict of interest with the Head of External Reporting, Aaron Cowan, that was affecting the derivatives project that could result in delays and substantial costs to Defendants. Plaintiff pointed out that Mr. Cowan was working both for Defendants and their third-party consultant, which would have massively profited from delays in Defendants project. Plaintiff recommended having backup solutions in place that were substantially cheaper than the plan they were currently implementing and would not result in a delay or need for unnecessarily consultation. Plaintiff's supervisor acknowledged the danger of not implementing Plaintiff's recommendations and agreed that not following his advice was a "big miss."

g.   A few days after Plaintiff raised these concerns, he was in another one-on-one meeting with his supervisor when she again reiterated the issue of "culture fit." Plaintiff was upset at hearing this yet again and asked that his supervisor fully describe the "culture fit" issue and give specific examples. She stated that while Plaintiff's performance was exceptional and that it merited a raise and/or promotion, Defendants hoped that this role would be filled by an "early career person" who could stick around for the long term and could "grow with the company." Plaintiff's supervisor ended the conversation by telling Plaintiff that she expected that he would resign from his position.

h.   Plaintiff told his supervisor that he would only tender his resignation if he personally decided that his position with Defendants was no longer the right fit but not because she was

pressuring him to do so.

i.   The following week, Plaintiff was wrongfully terminated because he was not "a good fit."

j.   During employment, as a result of discrimination, harassment, and retaliation, Plaintiff was subjected to multiple adverse employment actions by Defendants.

k.   Plaintiff was wrongfully given verbal warnings that he was not a "culture fit."

l.   Plaintiff was wrongfully denied a promised raise and/or promotion.

m.   Defendants wrongfully terminated Plaintiff's employment on or around August 30, 2021.

16.   *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, lost wages, unpaid overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

17.   *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18.   *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under *Civil Code* § 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a.   *Malice:* Defendants' conduct was committed with malice within the meaning of *Civil Code* § 3294, including that Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of his protected activity, and/or

**COMPLAINT FOR DAMAGES**

7

1   Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's

2   rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, and

3   retaliation.

4      b.   *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed

5   with oppression within the meaning of *Civil Code* § 3294, including that Defendants' actions

6   against Plaintiff because of his race, age, and protected activity were "despicable" and subjected

7   Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free

8   of discrimination, harassment, and retaliation.

9

10      19.   *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and

11   attorneys' fees.

12   ### FIRST CAUSE OF ACTION

13   ### *Discrimination on the Basis of Race in Violation of FEHA*

14   **(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

15

16      20.   Plaintiff hereby incorporates by reference the preceding paragraphs of this

17   Complaint as if fully alleged herein.

18      21.   At all times herein mentioned, *Government Code* § 12940 et seq., was in full force

19   and effect and was binding on Defendants, as Defendants regularly employed five (5) or more

20   persons.

21

22      22.   *Government Code* § 12940(a) requires Defendants to refrain from discriminating

23   against any employee on the basis of race.

24      23.   Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated

25   and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of

26   Plaintiff because of his race.

27

28      24.   The above said acts of Defendants constituted racial discrimination in violation of

**HERSHEY LAW**

---

**COMPLAINT FOR DAMAGES**

8

Public Policy and in violation of *Government Code* § 12940 et seq.

25.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

26.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

27.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

28.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

**COMPLAINT FOR DAMAGES**

9

**HERSHEY LAW**

## SECOND CAUSE OF ACTION

### *Discrimination on the Basis of Age in Violation of FEHA*

### (By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)

29.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

30.     At all times herein mentioned, *Government Code* § 12940 et seq., was in full force and effect and were binding on Defendants, as Defendants regularly employed five (5) or more persons.

31.     *Government Code* § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of age.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of Plaintiff because of his age.

33.     The above said acts of Defendants constituted age discrimination in violation of Public Policy and in violation of *Government Code* § 12940 et seq.

34.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

35.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

---

**COMPLAINT FOR DAMAGES**

actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

36.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial

37.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

## THIRD CAUSE OF ACTION

### *Discrimination on the Basis of National Origin in Violation of FEHA*

### (By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)

1.   Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

2.     At all times herein mentioned, *Government Code* § 12940 et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

3.     *Government Code* § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of national origin.

HERSHEY LAW

COMPLAINT FOR DAMAGES

11

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of Plaintiff because of his national origin.

5.     The above said acts of Defendants constituted national origin discrimination in violation of Public Policy and in violation of *Government Code* § 12940 et seq.

6.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

7.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

8.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

**COMPLAINT FOR DAMAGES**

12

9.      As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

## FOURTH CAUSE OF ACTION

### *Harassment on the Basis of Race in Violation of FEHA*

**(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

10.      Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

11.      At all times herein mentioned *Government Code* § 12940 et seq., was in full force and effect and were binding on Defendants, as Defendants regularly employed five (5) or more persons.

12.      *Government Code* § 12940(j) requires Defendants to refrain from harassing any employee on the basis of race.

13.      Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of Plaintiff because of his race.

14.      The conduct of Defendants, as herein described above, constitutes harassment in violation of *Government Code* § 12940(j). The harassment complained of was based on race and the harassment was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment.

15.      In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the

COMPLAINT FOR DAMAGES

13

**HERSHEY LAW**

1   officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in,

2   authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this

3   Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each

4   Defendant in an amount that is appropriate to punish each Defendant and deter others from

5   engaging in such conduct.

6

7          16.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

8   actual, consequential, and incidental financial losses, including without limitation, loss of salary

9   and benefits, and the intangible loss of employment related opportunities in his field and damage to

10  his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

11  such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of

12  law providing for prejudgment interest.

13         17.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

14  to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

15  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

16

17  fees and costs under *Government Code* § 12965(b).

18                           **FIFTH CAUSE OF ACTION**

19            ***Harassment on the Basis of Age in Violation of FEHA***

20      **(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

21

22         18.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint

23  as if fully alleged herein.

24         19.     At all times herein mentioned *Government Code* § 12940 et seq., was in full force

25  and effect and were binding on Defendants, as Defendants regularly employed five (5) or more

26  persons.

27

28         20.     *Government Code* § 12940(j) requires Defendants to refrain from harassing any

---

**COMPLAINT FOR DAMAGES**

14

employee on the basis of age.

21.    Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of Plaintiff because of his age.

22.    The conduct of Defendants, as herein described above, constitutes harassment in violation of *Government Code* § 12940(j). The harassment complained of was based on age was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment.

23.    In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

24.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

25.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

**COMPLAINT FOR DAMAGES**

15

incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

## SIXTH CAUSE OF ACTION

### *Harassment on the Basis of National Origin in Violation of FEHA*

**(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

1.   Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

2.   At all times herein mentioned *Government Code* § 12940 et seq., was in full force and effect and were binding on Defendants, as Defendants regularly employed five (5) or more persons.

3.   *Government Code* § 12940(j) requires Defendants to refrain from harassing any employee on the basis of national origin.

4.   Plaintiff is informed and believes, and thereon alleges, that Defendants discriminated and harassed Plaintiff, and failed to investigate and prevent the discrimination and harassment of Plaintiff because of his national origin.

5.   The conduct of Defendants, as herein described above, constitutes harassment in violation of *Government Code* § 12940(j). The harassment complained of was based on national origin and the harassment was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment.

6.   In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this

---

**COMPLAINT FOR DAMAGES**

16

1   Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each

2   Defendant in an amount that is appropriate to punish each Defendant and deter others from

3   engaging in such conduct.

4       7.      As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

5   actual, consequential, and incidental financial losses, including without limitation, loss of salary

6   and benefits, and the intangible loss of employment related opportunities in his field and damage to

7   his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

8   such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of

9   law providing for prejudgment interest.

10

11      8.      As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

12  to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

13  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

14  fees and costs under *Government Code* § 12965(b).

15

16                      **SEVENTH CAUSE OF ACTION**

17                  *Retaliation in Violation of FEHA*

18  **(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

19      9.      Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint

20  as if fully alleged herein.

21      10.     At all times herein mentioned, *Government Code* § 12940 et seq. was in full force

22  and effect and was binding on Defendants, as Defendants regularly employed five (5) or more

23  persons.

24

25      11.     *Government Code* § 12940(h) prohibits an employer from retaliating against an

26  employee based upon the employee's opposition to practices forbidden under the Fair Employment

27  and Housing Act.

28      12.     Plaintiff engaged in protected activity as described in this complaint. Plaintiff is

**COMPLAINT FOR DAMAGES**

HERSHEY LAW

informed and believes, and thereon alleges that Defendants took adverse employment actions against Plaintiff as a result of the aforementioned protected activity.

13.     The above said acts of Defendants constituted retaliation in violation of Public Policy and *Government Code* § 12940 et seq.

14.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

15.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

16.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial

17.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

**COMPLAINT FOR DAMAGES**

18

1   to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

2   attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and

3   costs under *Government Code* § 12965(b).

## EIGHTH CAUSE OF ACTION

*Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA*

**(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

18.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

19.     At all times herein mentioned, *Government Code* § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

20.     *Government Code* § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

21.     As set forth above, Defendants willfully failed to take any actions to prevent harassment, discrimination, and retaliation from occurring. Instead, Defendants pursued discriminatory actions against Plaintiff by continuing the aforementioned harassment despite Plaintiff having brought up concerns leading up to his wrongful termination.

22.     The above said acts of Defendants constituted failure to prevent discrimination, harassment, and retaliation in violation of Public Policy and *Government Code* § 12940 et seq.

23.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this

**HERSHEY LAW**

**COMPLAINT FOR DAMAGES**

19

Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

24.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

25.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

26.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

### NINTH CAUSE OF ACTION

***Unfair Business Practices in Violation of Business and Professions Code § 17200 et seq.***

**(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

27.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

28.     *Business and Professions Code* § 17203 in relevant part provides, "Any person who

---

**COMPLAINT FOR DAMAGES**

engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments… as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

29.     As used in § 17203, "unfair competition" includes "any unlawful, unfair, or fraudulent business act or practice."

30.     As set forth above, Defendants engaged in unfair and unlawful business acts and practices against Plaintiff by, without limitation: retaliating against, discriminating against, and harassing Plaintiff.

31.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

32.     An employee who is discharged or suffers other adverse employment action shall be entitled to equitable and/or injunctive relief.

33.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law

**HERSHEY LAW**

**COMPLAINT FOR DAMAGES**

21

1    providing for prejudgment interest.

2         34.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

3    will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

4    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

5    alleges, that he will continue to experience said physical and emotional suffering for a period in the

6    future not presently ascertainable, all in an amount subject to proof at the time of trial.

7

8         35.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

9    to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

10   incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

11   fees and costs.

12                              **TENTH CAUSE OF ACTION**

13                       *Wrongful Termination in Violation of FEHA*

14

15        **(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

16        36.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint

17   as if fully alleged herein.

18        37.    At all times herein mentioned, California Government Code § 12940 et seq. was in

19   full force and effect and were binding on Defendants, as Defendants regularly employed five (5) or

20   more persons.

21

22        38.    *Government Code* § 12940(a) provides that it is unlawful for an employer, because

23   of a protected characteristic or protected activity, to discharge a person from employment.

24        39.    As set forth above, Plaintiff's employment was terminated by Defendants as a result

25   of his protected characteristics and/or engaging in protected activities.

26        40.    The above said acts of Defendants constituted wrongful termination in violation of

27   Public Policy and *Government Code* § 12940 et seq.

28

**COMPLAINT FOR DAMAGES**

22

HERSHEY LAW

**HERSHEY LAW**

41.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

42.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

43.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under *Government Code* § 12965(b).

---

**COMPLAINT FOR DAMAGES**

23

**HERSHEY LAW**

**ELEVENTH CAUSE OF ACTION**

*Wrongful Termination in Violation of Public Policy*

**(By Plaintiff Against Defendants CHARLES SCHWAB; and DOES 1 through 50)**

45.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

46.     At all times herein mentioned, the public policy of the State of California, is to prohibit employers from engaging in the conduct alleged herein. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff, on the grounds alleged herein, were wrongful and in contravention of the express policy of the State of California.

47.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the Unruh Civil Rights Acts is to prohibit employers from engaging in the conduct alleged herein. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the action of Defendants, and each of them, in terminating Plaintiff, on the grounds alleged herein, were wrongful and in contravention of the express public policy of the State of California.

48.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in *Labor Code* §§ 201, 203, 226, 226.7, and 1194 is to prohibit employers from engaging in the conduct alleged herein. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff, on the grounds alleged herein were wrongful and in contravention of the express public policy of the State of California.

49.     In committing the acts alleged herein, Defendants engaged in oppression, fraud and/or malice pursuant to *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a

---

**COMPLAINT FOR DAMAGES**

sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendants in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

50.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* §§ 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

51.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs.

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1.   For compensatory damages in an amount according to proof;

2.   For economic damages in an amount according to proof;

3.   For non-economic damages in an amount according to proof;

4.   For punitive and exemplary damages in an amount according to proof;

5.   For penalties under the *Labor Code* in an amount according to proof;

6.   Further declaratory relief, declaring the amounts of damages, penalties, equitable
relief, costs, and attorney's fees to which Plaintiff is entitled;

7.   For reasonable attorney's fees and expenses;

8.   For costs of the suit herein incurred;

9.   For pre-judgment and post-judgment interest; and

10.   For such other and further relief as this court may deem just and proper.

DATED: October 28, 2022                           **HERSHEY LAW, P.C.**

By: _____
     Johnny Rundell
     Elias K. Fakhoury
     Attorneys for Plaintiff *JAY SHEK*

**COMPLAINT FOR DAMAGES**

26

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all issues so triable.

3

4
DATED: October 28, 2022                    **HERSHEY LAW, P.C.**

5

6

7
                                    By: _____

8
                                    Johnny Rundell
                                    Elias K. Fakhoury
9                                   Attorneys for Plaintiff *JAY SHEK*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

27

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/13/2022 12:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Edward Madrid, Deputy Clerk

1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
4  Facsimile:    (310) 201-5219

5  SEYFARTH SHAW LLP
   Angelina T. Evans (SBN 244634)
6  aevans@seyfarth.com
   601 South Figueroa Street, Suite 3300
7  Los Angeles, California 90017
   Telephone:    (213) 270-9718
8  Facsimile:    (310) 551-8318

9  Attorneys for Defendant
   CHARLES SCHWAB BANK, SSB (erroneously sued as
10 CHARLES SCHWAB & CO., INC.)

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       FOR THE COUNTY OF LOS ANGELES

14

15

16 JAY SHEK, an individual,                    Case No.: 22GDCV00760

17              Plaintiff,                       Hon. David Rosen, Dept. E

18 CHARLES SCHWAB & CO., INC., a               **DEFENDANT CHARLES SCHWAB**
   corporation; and DOES 1 through 50,         **BANK, SSB'S ANSWER TO PLAINTIFF'S**
19                                             **UNVERIFIED COMPLAINT**
                Defendants.
20                                             Complaint Filed:  October 26, 2022
                                               Trial Date:       None Set
21

22

23

24

25

26

27

28

---

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

89645761v.1

Defendant CHARLES SCHWAB BANK, SSB (erroneously sued as CHARLES SCHWAB & CO., INC.)[1] ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff JAY SHEK ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant.

## SEPARATE AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, Defendant states as follows for its affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Wrong Party Sued – All Causes of Action)

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fail to state claims upon which relief may be granted because Plaintiff has sued the wrong entity. At all times relevant to the action, Plaintiff's employer was Charles Schwab Bank, SSB, a Texas-chartered state savings bank.

## SECOND DEFENSE

### (Failure To State A Cause Of Action Upon Which Relief May Be Granted – All Causes of Action)

2. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

---

[1] Charles Schwab & Co, Inc., a California Corporation and broker-dealer, was erroneously sued as the defendant-employer in this action. At all times relevant to the complaint, Plaintiff was employed by Charles Schwab Bank, SSB, a Texas-chartered state saving bank.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

89645761v.1

**THIRD DEFENSE**

**(Estoppel - All Causes of Action)**

3.     Plaintiff is estopped from asserting the causes of action in the Complaint to the extent he engaged in conduct that forms the basis for estoppel.

**FOURTH DEFENSE**

**(Consent - All Causes of Action)**

4.     At all times mentioned in the Complaint, Defendant acted with the express or implied consent of Plaintiff, in connection with any of the alleged wrongful acts contained in the Complaint.

**FIFTH DEFENSE**

**(Waiver - All Causes of Action)**

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver to the extent that Plaintiff, by his own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.

**SIXTH DEFENSE**

**(Unclean Hands - All Causes of Action)**

6.     Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, to the extent Plaintiff engaged in conduct showing unclean hands.

**SEVENTH DEFENSE**

**(Failure To Exhaust Administrative Remedies - All Causes of Action)**

7.     Plaintiff's Complaint, and each purported cause of action therein, is barred to the extent Plaintiff failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit before filing the Complaint.

**EIGHTH DEFENSE**

**(Setoff and Recoupment - All Causes of Action)**

8.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments or all obligations that Plaintiff owes to Defendant against any judgment that may be entered against Defendant.

89645761v.1

## NINTH DEFENSE

### (Good Cause Existed – All Causes of Action)

9.     Plaintiff's purported causes of action fail to state claims upon which relief can be granted, because any decisions made with respect to Plaintiff's employment were based upon good cause.

## TENTH DEFENSE

### (Lack of Knowledge – All Causes of Action)

10.     To the extent that any unlawful conduct occurred, which Defendant denies, Defendant took all reasonable steps to prevent the alleged unlawful conduct and was not aware of Plaintiff's purported complaints of unlawful conduct.  Accordingly, Plaintiff's claims are barred or, alternatively, Plaintiff's relief is limited.

## ELEVENTH DEFENSE

### (Adequate Measures To Prevent Unlawful Discrimination, Harassment, Or Retaliation – All Causes of Action)

11.     Plaintiff's claims, in whole or in part, are barred because Defendant had already instituted and implemented policies to prohibit unlawful discrimination, harassment, or retaliation.  Defendant published these policies for its employees.  Defendant's policies provided numerous methods to internally complain or raise issues of unlawful discrimination, harassment, or retaliation based on any legally protected categories.  Defendant's policies provided for no tolerance for unlawful discrimination, harassment, or retaliation against any employee who complained or raised an issue of unlawful behavior or unwanted conduct.

## TWELFTH DEFENSE

### (Failure To Exercise Reasonable Preventive Corrective Opportunities – All Causes of Action)

12.     To the extent any of the Defendant's employees or agents engaged in unlawful behavior toward Plaintiff, Defendant is not liable for any such discrimination, harassment, or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and promptly correct any such behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to otherwise avoid harm.  *See, e.g.*, *State Dep't of Health Servs. v. Superior Ct.*, 31 Cal. 4th 1026, 1040-1041 (2003) (holding that "[t]he employer is liable

for harassment by a nonsupervisory employee only if the employer (a) knew or should have known of the harassing conduct and (b) failed to take immediate and appropriate corrective action").

## THIRTEENTH DEFENSE

**(Actions Taken For Legitimate, Non-Discriminatory, Non-Harassing, Non-Retaliatory Reasons And No Pretext Can Be Shown - All Causes of Action)**

13.     Plaintiff's claims are barred, because any alleged actions or decisions by Defendant taken with respect to Plaintiff's alleged employment were for legitimate, non-discriminatory, non-harassing, non-retaliatory reasons, and Plaintiff cannot show that Defendant's actions were a pretext for discrimination, harassment, retaliation, or to mask an otherwise unlawful motive.

## FOURTEENTH DEFENSE

**(Failure To Mitigate Damages - All Causes of Action)**

14.     Plaintiff has failed to mitigate or make a reasonable attempt to mitigate his damages as required by law.

## FIFTEENTH DEFENSE

**(Avoidable Consequences Doctrine - All Causes of Action)**

15.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

## SIXTEENTH DEFENSE

**(Mixed Motive - All Causes of Action)**

16.     Plaintiff's claims are barred to the extent Plaintiff demonstrates his alleged protected status or activities were a motivating factor for any challenged employment action, on the grounds that Defendant would have taken the same action in the absence of such impermissible motivating factor.

## SEVENTEENTH DEFENSE

**(Business Judgment - All Causes of Action)**

17.     Plaintiff's claims are barred to the extent that a finding of discrimination, retaliation, or harassment cannot be based on the belief that the alleged employer made an error in business judgment. *Veronese v. Lucasfilm Ltd.*, 212 Cal. App. 4th 1 (2012), *as modified on denial of reh'g* (Dec. 28, 2012).

**EIGHTEENTH DEFENSE**

**(Managerial Discretion & Immunity - All Causes of Action)**

18.      Plaintiff's claims, in whole or in part, are barred to the extent that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.  Further, any injuries Plaintiff sustained as a result of any action by Defendant is barred by the doctrine of managerial immunity.

**NINETEENTH DEFENSE**

**(No Violation Of Public Policy - Eleventh Cause of Action)**

19.      Plaintiff's claims are barred to the extent that his allegations of violations of public policy do not identify a fundamental public policy based on a constitutional, statutory, or regulatory provision applicable to Defendant.

**TWENTIETH DEFENSE**

**(No Protected Activity - Seventh Cause of Action)**

20.      Plaintiff's claims are barred on the grounds that he has not engaged in a legally protected activity, including because he did not report unlawful misconduct to a governmental or law enforcement agency, pursuant to California Labor Code Section 1102.5.  To the extent that Plaintiff raised any concerns, his issues were merely internal matters based on internal policies or procedures.

**TWENTY-FIRST DEFENSE**

**(Ratification - All Causes of Action)**

21.      Plaintiff's Complaint, and each purported cause of action alleged herein, is barred by the ground that Plaintiff ratified Defendant's alleged actions.

**TWENTY-SECOND DEFENSE**

**(No Punitive Damages - All Causes of Action)**

22.      Defendant is not liable for punitive damages because it committed no alleged oppressive, willful, fraudulent, or malicious acts, authorized or ratified such alleged acts, or had advance knowledge of the unfitness of any employee or employees with conscious disregard of the rights or safety of others, pursuant to California Civil Code Section 3294(b).

89645761v.1

1
2

### TWENTY-THIRD DEFENSE

**(Award of Punitive Damages Is Unconstitutional - All Causes of Action)**

3    23.    To the extent Plaintiff seeks punitive or exemplary damages in the Complaint, he violates
4    the rights of Defendant to be free from "excessive fines" as provided in the Eighth Amendment to the
5    United States Constitution and in Article I, Section 17 of the Constitution of the State of California.
6    Plaintiff further violates the rights of Defendant to procedural and substantive due process under the
7    Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the
8    State of California.

9

### TWENTY-FOURTH DEFENSE

10

**(Right To Raise Additional Defenses)**

11    24.    Defendant hereby gives notice that it intends to rely upon such other and further
12    affirmative or other defenses as may become available during discovery in this action and Defendant
13    reserves the right to amend this Answer to assert any such defenses.

14

### PRAYER FOR RELIEF

15    WHEREFORE, Defendant prays for judgment as follows:

16    1.    That Plaintiff takes nothing by his Complaint;

17    2.    That judgment be entered in favor of Defendant and against Plaintiff on the entire
18        Complaint and on all causes of action alleged therein;

19    3.    That Defendant be awarded reasonable attorneys' fees according to proof;

20    4.    That Defendant be awarded its costs of suit incurred herein; and

21    5.    That Defendant be awarded such other and further relief as the Court may deem
22        appropriate and proper.

23    DATED: December 13, 2022                    Respectfully submitted,
                                                  SEYFARTH SHAW LLP
24
25                                                By:_____
                                                       Diana Tabacopoulos
26                                                     Angelina T. Evans
                                                  Attorneys for Defendant
27                                                CHARLES SCHWAB BANK, SSB,
                                                  erroneously sued as CHARLES SCHWAB
28                                                & CO., INC.

7

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

89645761v.1

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA                   )
                                         )   SS
3  COUNTY OF LOS ANGELES                 )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California
5  90017-5793.  On December 13, 2022, I served the within document(s):

6  **DEFENDANT CHARLES SCHWAB BANK, SSB'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

7

8  ☐  I sent such document from facsimile machines (213) 270-9601 on December 13, 2022.  I certify
that said transmission was completed and that all pages were received and that a report was
generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter,
9  mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in
sealed envelope(s) addressed to the parties listed below.

10

11  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in the United States mail at Los Angeles, California, addressed as set forth below.

12  ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
below.

13

14  ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on
account and deposited for collection with the overnight carrier at Los Angeles, California,
15  addressed as set forth below.

16  ☒  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.

17

18  ☐  electronically by using the Court's ECF/CM System.

19

20      John Rundell, Esq.                      ***Attorneys for Plaintiff***
    Elias K. Fakhoury, Esq.                 ***JAY SHEK***
21      HERSHEY LAW, P.C.
    16255 Ventura Boulevard, Suite 1205
22      Encino, CA  91436
    Tel:  (310) 929-2190
23      Fax: (310) 929-6060

24

25      email: jrundell@hersheylaw.com
    email: efakhoury@hersheylaw.com

26

27

28

90350912v.1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 13, 2022, at Los Angeles, California.

Michelle Stevenson

PROOF OF SERVICE

90350912v.1